IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBIN ASHTON,<br><br>            Plaintiff,<br><br>    vs.<br><br>RICHARD DE JANA, DE JANA AND ASSOCIATES PLLC, FLATHEAD COUNTY, FLATHEAD COUNTY ATTORNEY ED CORRIGAN, FLATHEAD COUNTY SHERIFF'S DEPT., including ANIMAL CONTROL, KALISPELL REGIONAL MEDICAL CENTER, LARISSA ROBERGE, AUDRA PAVON, AUSTIN HUGHES, VELINDA STEVENS, TAMI FISHER, SEAN GOICACHEA, SILVERTIP EMERGENCY PHYSICIANS, CLINICAL PATHOLOGY ASSOCIATES, KALISPELL REGIONAL HEALTHCARE, SHAN CORBAN, MAE STUBBS, TIM LOSEY, CREDIT SYSTEMS, and DOE DEFENDANTS #1-30,<br><br>            Defendant. | CV 15-88-M-DWM-JCL<br><br>ORDER |

## **I.**    **INTRODUCTION**

Plaintiff Robin Ashton, proceeding pro se, filed an application requesting leave to proceed in forma pauperis. Ashton submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient

1

funds to prosecute this action IT IS HEREBY ORDERED that Ashton's request is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Ashton's lodged Complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Ashton's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th

Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

This action arises, in part, from ongoing state court civil litigation involving Plaintiff Robin Ashton is involved. Defendant Richard De Jana, an attorney, represents an individual who Ashton says claims an interest in her real property in either Marion or Kila, Montana. She alleges De Jana has engaged in unethical conduct in the course of the state court litigation for the purpose of harassing and abusing her both legally and personally. As a result of De Jana's conduct, Ashton alleges she has suffered severe stress and related medical problems, including suicidal thoughts and episodes she experienced. She asserts De Jana's conduct created "the need for additional cases to be filed to address the damages" he caused to her. (Doc. 2 at 2.)

Ashton also asserts that De Jana's conduct triggered a "large chain of events" which has led to her encounters with, and the involvement of, numerous other individuals and entities. Ashton apparently unsuccessfully attempted to obtain assistance from others to prevent De Jana from continuing to harass her. She contacted Flathead County personnel including the county attorney, county Sheriff officers, medical care providers at Kalispell Regional Medical Center, and several other individuals who have, instead, allegedly caused further harm to her.

On a couple occasions she was taken to Kalispell Regional Medical Center for medical treatment or counseling, and she alleges staff at the facility negligently mistreated her. Due to those medical visits, she has incurred medical bills which she alleges she is not obligated to pay. As a result, she has gotten entangled in billing and collection disputes with other third parties.

Ashton has also experienced incidents of individuals trespassing on her property in Marion and Kila, Montana. She complains, though, that the Flathead County Sheriff's Department and Ed Corrigan, the Flathead County Attorney, refuse to assist her with those trespass issues.

Ashton's complaint, which is 55 pages in length, advances claims against multiple defendants. She requests an award of compensatory damages, and declaratory and injunctive relief.

### III.   DISCUSSION

Because Ashton is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly

be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## A. **Pleading Requirements**

The Court concludes Ashton's lengthy pleading is defective in several respects, making it impossible for the Court to determine if she possesses, or has pled, any cognizable and viable claim for relief. Her complaint fails to comply with at least two provisions of the Federal Rules of Civil Procedure: Rules 8(a)(2) and 10(b). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Lengthy, detailed and "[s]pecific facts are not necessary; the statement need only [...] give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Here, Ashton's 55-page complaint rambles on with extraneous, storied details that are unnecessary to a concise claim for relief. Ashton's lengthy and vague allegations make it impossible for the Court to determine whether she has stated, or can state, any valid legal claim, or whether her allegations are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Dean Reed Production Corp. v. Los Angeles County Dept. of Children and Family Services*, 2006 WL

3734656, *1 (E.D. Cal. 2006). A totally incomprehensible claim or complaint is without an arguable basis in law and is subject to dismissal. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds. In sum, Ashton's allegations do not constitute a short and plain statement of the concise, basic facts and grounds showing she is entitled to relief.

Additionally, Ashton has failed to comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This permits the Defendants to answer the allegations by simply referring by number to the paragraphs of the complaint. *Id*.

Based on the foregoing, and in view of Ashton's pro se status, the Court will afford her an opportunity to file an amended complaint. In doing so, Ashton's pleading must comply with Rules 8(a) and 10(b).

**B. Jurisdiction**

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, to avoid dismissal Ashton's complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

Federal courts are courts of limited jurisdiction. They possess only that

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

### 1. Diversity Jurisdiction is Absent

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and each of the defendants. *Williams v. United*

*Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). To properly invoke diversity jurisdiction of the court a plaintiff must affirmatively allege the citizenship of the parties to the action. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

It does not appear Ashton seeks to invoke diversity jurisdiction because she does not identify the citizenship of any party involved in this action. Absent allegations of citizenship, the Court's diversity jurisdiction under 28 U.S.C. § 1332 is not properly invoked in this case. Furthermore, considering all of Ashton's allegations, it appears all parties may be citizens of Montana.

### 2. Federal Question Jurisdiction

Liberally read, Ashton's pleading attempts to invoke federal question jurisdiction under 28 U.S.C. § 1331. However, she fails to set forth a clear, viable basis for federal question jurisdiction.

Ashton has implicated the conduct of several individual Flathead County officers or employees, i.e. individuals acting under authority of Montana law. Theoretically, therefore, Ashton's allegations could be liberally construed to assert a claim for relief under 42 U.S.C. § 1983. Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state or local government official or employee if the plaintiff can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right. The circumstances surrounding the subject matters and incidents raised in Ashton's pleading could possibly lend themselves to a viable claim under section 1983 if properly alleged.

To establish liability under section 1983 for violations of a plaintiff's civil rights committed by a person acting under color of state law the plaintiff must set forth certain concise, basic facts demonstrating how each defendant directly caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Thus, in any complaint the plaintiff need only write short, plain statements which concisely describe: (1) the federal or constitutional right plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is

connected to the violation of plaintiff's federal or constitutional right; and (5) what injury plaintiff suffered because of that defendant's conduct.

Ashton's pleading fails to set forth sufficient allegations to state a claim for relief under § 1983. She has failed to set forth factual allegations describing how each Defendant, acting under color of state law, deprived her of any right under either the United States Constitution or federal law. The Court will, however, afford Ashton an opportunity to amend her allegations to state a federal claim.

## IV. CONCLUSION

Based on the foregoing, the Court finds Ashton's pleading, as presently pled, is subject to dismissal for failure to state a claim on which relief could be granted, and for failure to sufficiently invoke the jurisdiction of this Court. In view of Ashton's pro se status, however, the Court will afford her an opportunity to amend her allegations to cure the defects noted in this Order.

Therefore, IT IS HEREBY ORDERED that on or before September 4, 2015, Ashton shall file an amended complaint. The Clerk of Court is directed to provide her with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Ashton's amended complaint shall set forth a short and plain statement of her claims against each individual defendant showing that each individual is liable and that she is entitled to relief.

At all times during the pendency of this action, Ashton shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Ashton is advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 10th day of August, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge